# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVCO CORPORATION, | No. 4:12-CV-01313 |
| Plaintiff-Counterclaim Defendant, | (Judge Brann) |
| v. | |
| TURN AND BANK HOLDINGS, LLC, and PRECISION AIRMOTIVE, LLC, | |
| Defendants-Counterclaim Plaintiffs, | |
| v. | |
| AVSTAR FUEL SYSTEMS, INC., | |
| Counterclaim Defendant. | |

## ORDER

### JULY 23, 2019

Plaintiffs have two motions pending before this Court: (1) a Motion for Clarification, or in the Alternative, Leave to File Motion for Summary Adjudication;[1] and (2) a Motion for a Temporary Restraining Order and Preliminary Injunction.[2] Both will be denied.

---

[1] ECF No. 409.

[2] ECF No. 413.

The factual background for this case is detailed in this Court's April 9, 2018, Memorandum Opinion[3] and Order[4] on the parties' cross-motions for summary judgment. That background will not be repeated here. Instead, it is sufficient to recall that this case concerned the legality vel non of Plaintiffs' use of fuel injector model numbers that had been used by Defendants (and their corporate predecessors) for decades. At the summary judgment stage, this Court found that Plaintiffs' use of those model numbers—all of which began with the three-letter prefix "RSA"— violated Defendant's trademark rights in those marks.

The Court later denied a request by Defendants to permanently enjoin Plaintiffs from using the RSA marks, since the submitted evidence showed that Plaintiffs had switched to new model numbers. That denial was without prejudice to Defendants asking for such injunctive relief when it came time to fashion a remedy after the resolution of all remaining legal issues in the case—i.e., after a finding on damages.

Plaintiffs now seek a clarification of this Court's previous rulings or, in the alternative, a chance to submit another motion for summary judgment. As noted, Plaintiffs have ceased using Defendants' exact model numbers. Instead, Plaintiffs have replaced the three-letter prefix ("RSA") of Defendants' model numbers with a

---

[3] ECF No. 356.

[4] ECF No. 357.

different three-letter prefix ("LFC"). For example, a fuel injector that Plaintiffs believe is similar to Defendants' "RSA-10AD1" fuel injector and which used to be labelled and sold by Plaintiffs as "RSA-10AD1," is now labelled and sold by Plaintiffs as "LFC-10AD1." Plaintiffs ask this Court to "clarify" that its previous ruling on the illegality of Plaintiffs' use of the RSA marks was simultaneously a ruling on the *legality* of Plaintiffs' use of the LFC marks.

Stating the matter that way, it is clear that Plaintiffs want more than a "clarification." Rather, Plaintiffs are seeking to amend their complaint to include a claim for declaratory relief vis-à-vis the legality of the LFC marks, and a summary adjudication on that claim without the benefit of discovery.

Plaintiffs argue that the LFC issue "has already been considered by this Court."[5] Plaintiffs are incorrect. All three complaints filed by Plaintiffs have been focused on marks containing the RSA prefix, and contain no mention of the LFC prefix. Likewise, for Defendants' counterclaims and cross claims. In fact, Defendants' counter- and cross claims are based, in part, on the RSA prefix standing alone. All the arguments made, and evidence presented, at the summary judgment

---

[5] Plaintiffs' Motion for Clarification at 2.

stage concerned Plaintiffs' use of marks containing the RSA prefixes. And again, some of that evidence focused on the RSA prefix standing alone.[6]

Plaintiffs repeatedly point to this language in this Court's summary judgment opinion, which they believe shows that the LFC issue has already been considered, and ruled upon in Plaintiffs' favor:

> This would be a different case entirely if AVStar were labelling its servo models, say, as "AVS-RSA-5AD1" or "AVS-RSA-10AD1."

A plain reading of that language shows the error in Plaintiffs' argument. Plaintiffs' use of model numbers beginning with LFC *is indeed a different case entirely* from the case that has been litigated here for the better part of a decade.

Plaintiffs' request for "clarification," therefore, will be denied. For those same reasons—the consistent focus, throughout years of litigation, on marks containing the RSA prefix—Plaintiffs' request to submit a motion for summary judgment on the issue of the LFC marks' legality will be denied. The denial of that

---

[6] *See* ECF No. 332-22 ("RSA-5 and RSA-10 Fuel Injection Systems Operation and Service Manual" labelled with the Bendix mark and featuring a large "RSA" on the cover).

requested relief renders Plaintiffs' motion for injunctive relief moot[7] and it will be denied as such.[8]

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Clarify, ECF No. 409, is **DENIED**.

2. Plaintiff's Motion for Temporary Restraining Order, ECF No. 413, is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[7] Defendants sued Plaintiffs over the LFC marks in the United States District Court for the Middle District of North Carolina. Plaintiffs' motion for injunctive relief, ECF No. 413, asked this Court to enjoin that lawsuit (1) pending resolution of Plaintiffs' motion for clarification and (2) pending resolution of any further summary judgment briefing that might be permitted by this Court. Because this Court has resolved Plaintiffs' motion for clarification and have denied further summary judgment briefing, the request for injunctive relief becomes moot.

Because the LFC issue is not properly before this Court, it cannot be that Defendants' decision to litigate it in North Carolina was an unreasonable and vexatious multiplication of proceedings. Therefore, Plaintiffs' request to sanction defense counsel will also be denied.

[8] Nothing in this Order should be construed as offering any opinion on the legality vel non of Plaintiffs' use of the LFC marks. And nothing in this Order (1) prevents Defendants from seeking a permanent injunction forbidding Plaintiffs' use of the LFC marks when it comes time to fashion a remedy for Plaintiffs' trademark violations or (2) prevents Plaintiffs' from arguing that such injunctive relief would be improper.