# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVCO CORPORATION, | No. 4:12-CV-01313 |
| Plaintiff, | (Judge Brann) |
| v. | |
| TURN AND BANK HOLDINGS, LLC, & PRECISION AIRMOTIVE, LLC, | |
| Defendants. | |

## MEMORANDUM OPINION

### JANUARY 8, 2021

## I.  BACKGROUND

This case arises from a longstanding trademark dispute between counterclaim Defendant Avco Corporation and counterclaim Plaintiffs Turn and Bank Holdings, LLC and Precision Airmotive, LLC (collectively, "Precision"). Avco initiated this suit in July 2012 seeking to cancel several of Precision's federal trademark registrations related to airplane engine fuel injection systems.[1]  Precision responded by filing federal and state counterclaims against Avco for trademark infringement and unfair competition.[2]  At that time, Precision demanded a jury trial on all counterclaims.[3]

---

[1] Doc. 1.
[2] Doc. 44.
[3] *Id.*

In April 2018, this Court granted summary judgment against Avco.[4] The Court found that Avco's claims failed as a matter of law and that Precision had shown Avco was liable for trademark infringement.[5] Though the Court ruled that Avco's infringement was intentional for purposes of liability,[6] it did not address whether the infringement was innocent or willful.[7] Importantly, however, the Court did not explicitly state that the issue of willfulness had yet to be conclusively determined. The parties thus appear to have proceeded on the belief that the only question left for determination was that of damages.[8]

Then, in a September 2019 status conference, the parties agreed to a bench trial.[9] Neither party stated what specific issues would be addressed during the bench trial, though Precision notes that it believed the only question to be resolved was that of damages.[10] The Court then convened a *Daubert* hearing in February 2020 to rule on various motions to exclude expert testimony.[11] In ruling on these motions on June 22, 2020, the Court premised much of its analysis on the fact that

---

[4] Doc. 356.
[5] *Id.*
[6] *Id.* at 21.
[7] Doc. 461 at 40. In a November 2018 order denying a motion for permanent injunction, the Court signaled that the only remaining issue left in the case was that of damages. Doc. 394 at 2. But this was premature, as the Court had not yet definitively addressed the question of whether Avco's infringement was willful. Doc. 461 at 40.
[8] Doc. 470 at 6 ("It was not until the Court's June 2020 Order denying Precision's Motion *in Limine* to exclude evidence . . . that Precision learned it would need to present willful infringement evidence at trial.").
[9] *See* Doc. 469 at 3-5.
[10] Doc. 470 at 6.
[11] Doc. 461.

the testimony would ultimately be presented to the District Court, rather than to the jury.[12]

Then, on October 6, 2020, Precision filed a letter with the Court "to formally re-assert Precision's request for a trial by jury on all remaining issues so triable."[13] Precision specifically sought to re-assert its right to a jury trial on the issue of both damages *and* willfulness,[14] although it has since narrowed its focus only to the question of willfulness.[15] In opposition, Avco argued that Precision had waived its right to a jury trial entirely.[16] The Court subsequently ordered the parties to brief the issue of whether Precision waived its right to a jury trial on both issues.

This matter is now ripe for disposition. For the following reasons, the Court finds Precision is entitled to a jury trial on the sole question of willfulness.

## II. DISCUSSION

"The right to a jury trial in a civil case is a fundamental right expressly protected by the Seventh Amendment to the United States Constitution."[17] "[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption

---

[12] *E.g.*, *id.* at 37.
[13] Doc. 466.
[14] *Id.*
[15] Doc. 470 at 3. Because Precision concedes that it waived its right to a jury trial on the question of damages, the Court will not address this issue in its opinion. *E.g.*, *id.* ("Precision considered and agreed during the September 2019 status conference to a bench trial **on damages**.") (emphasis in original).
[16] Doc. 467.
[17] *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) (citing *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937); and then citing *Bouriez v. Carnegie Mellon Univ.*, 359 F.3d 292, 294 (3d Cir. 2004)).

against waiver."[18]  Moreover, "purported waivers are to be 'scrutinized with the utmost care.'"[19]  "Nevertheless, as with other constitutional rights, the Supreme Court has long recognized that a private litigant may waive the right to a jury trial in a civil case."[20]  Generally, a valid jury waiver "must be made knowingly and voluntarily based on the facts of the case."[21]  In some instances, however, "the right to a jury trial can be waived by inaction or acquiescence."[22]

Avco makes three arguments, none of which are persuasive.  First, Avco contends that Precision waived its right to a jury trial on the issue of willfulness by orally stipulating to a bench trial during the September 2019 status conference.  In support of this position, Avco cites Federal Rule of Civil Procedure 39(a), which Avco maintains stands for the proposition that a party may "waive its right to a jury trial in writing or by oral stipulation."[23]

But Avco mischaracterizes Rule 39(a).  The rule recognizes the withdrawal of a jury demand where "the parties or their attorneys *file* a stipulation to a nonjury trial or so *stipulate on the record*."[24]  The meaning Avco seeks to superimpose on Rule 39(a) simply cannot be reconciled with the rule's text.  And because Avco

---

[18]  *Aetna*, 301 U.S. at 393.
[19]  *Tray-Wrap, Inc. v. Six L's Packing Co., Inc.*, 984 F.2d 65, 67-68 (2d Cir. 1993) (internal quotation marks omitted) (quoting *Heyman v. Kline*, 465 F.2d 123 (2d Cir. 1972)).
[20]  *Tracinda*, 502 F.3d at 222 (citing *Commodity Futures Trade Comm'n v. Schor*, 478 U.S. 833, 848-49 (1986); then citing *In re City of Phila. Litig.*, 158 F.3d 723, 726 (3d Cir. 1998); and then citing *Nat'l Equip. Rental, Ltd. V. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977)).
[21]  *Id.* (citations omitted).
[22]  *In re City of Phila. Litig.*, 158 F.3d 723, 726 (3d Cir. 1998) (citations omitted).
[23]  Doc. 469 at 7.
[24]  Fed. R. Civ. P. 39(a) (emphasis added).

cannot show that Precision filed any stipulation or stipulated on the record to a nonjury trial *on the issue of willfulness*, the Court cannot hold that Precision withdrew its jury demand pursuant to Rule 39(a).

Second, Avco argues that Precision waived its right to a jury trial on willfulness by inaction and acquiescence. Specifically, Avco asserts that Precision's failure to clarify after the September 2019 status conference that it sought to maintain its right to a jury trial on willfulness constitutes waiver. Avco cites two cases from the United States Court of Appeals for the Third Circuit, *Cooper v. Loper*,[25] and *In re City of Philadelphia Litigation* (hereinafter *City of Philadelphia*).[26] However, neither stand for the precise proposition that Avco sets forth.

In *Cooper*, the Third Circuit affirmed the rule that "participation in a bench trial without objection constitutes waiver of the jury trial right."[27] And in *City of Philadelphia*, the Third Circuit ruled that "where a party has made a general demand for a jury trial and the court subsequently determines that a certain issue will be determined non-jury, it is incumbent upon that party to timely lodge a

---

[25] 923 F.2d 1045 (3d Cir. 1991).
[26] 158 F.3d 723 (3d Cir. 1998).
[27] 923 F.2d at 1049 (quoting *Royal American Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir. 1989)) (internal quotation marks omitted). The *Cooper* court noted that this essentially constituted an exception to the more rigid formula prescribed by Rule 39(a). *Id.*

specific objection in order to preserve any Seventh Amendment jury trial right he may have with respect to that issue."[28]

Neither *Cooper* nor *City of Philadelphia* provides much help to Avco. A trial has not yet occurred; *Cooper* is thus inapplicable. Further, *City of Philadelphia* is inapposite because it requires timely objection where a court has clearly established it will try a *certain* issue non-jury.[29] Neither the Court nor the parties ever stated that any issues except for damages would be determined non-jury, thus Precision cannot be faulted for failing to object to something that it did not know existed. Because Precision only learned that willfulness had not been conclusively decided in June 2020, the Court cannot hold that any delay by Precision in reasserting its right to a jury trial on this issue is unreasonable.

Third, Avco claims that Precision's decision to waive its right to a jury trial on damages necessarily waived Precision's right regarding willfulness. Avco only briefly argues this point, basing much of it on the premise that willfulness is "relevant" to the question of damages, and is thus "part and parcel" of the damages issue.[30]

But just because willfulness is relevant to any ultimate damages award does not mean that willfulness and damages constitute the *same issue*. Virtually every issue of liability is relevant to the question of damages; for if there is no liability,

---

[28] 158 F.3d at 727.
[29] *Id.*
[30] Doc. 472 at 4.

there can be no damages.  The matter here is no different.  The evidence needed to prove willfulness is entirely distinct from that needed to show damages.[31]  Further, many courts in the patent context conducting bifurcated trials have sorted willfulness into the liability phase.[32]  As a result, the Court cannot find Precision's waiver on the issue of damages necessarily extends to the issue of willfulness.

## III. CONCLUSION

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[31] *See SecuraComm Consulting Inc. v. Securacom Inc.*, 166 F.3d 182, 187 (3d Cir. 1999) ("Knowing or willful infringement consists of more than the accidental encroachment of another's rights.  It involves an intent to infringe or a deliberate disregard of a mark holder's rights."), *abrogated by statute on other grounds as recognized in Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 175 (3d Cir. 2005); *see, e.g.*, *Louis Vuitton Malletier and Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002) ("Willfulness can be inferred by the fact that a defendant continued infringing behavior after being given notice.") (citing *Video Views, Inc. v. Studio 21 Ltd.*, 925 F.2d 1010, 1021 (7th Cir. 1991); then citing *Budget Cinema Inc. v. Watertower Associates*, 81 F.3d 729 (7th Cir. 1996); and then citing *Choice Hotels Int'l, Inc. v. Pennave Assoc.*, 159 F. Supp. 2d 780, 782, 786 (E.D. Pa. 2001)).

[32] *THK America, Inc. v. NSK Co. Ltd.*, 151 F.R.D. 625, 630 (N.D. Ill. 1993) ("Undoubtedly, because willfulness is determined from the totality of the circumstances, it is the reason why some courts prefer to include the issue of willfulness with the liability phase of a bifurcated trial); *see, e.g.*, *General Battery Corp. v. Gould, Inc.*, 545 F. Supp. 731, 761 (D. Del. 1982); *Tyler Refrigeration Corp. v. Kysor Indus. Corp.*, 601 F. Supp. 590 (D. Del. 1985), *affirmed*, 777 F.2d 687 (Fed. Cir. 1985).  *But see, e.g.*, *Swofford v. B & W, Inc.*, 336 F.2d 406, 413 (5th Cir. 1964) (citations omitted) (recognizing the practice of only determining "the questions of willfulness, deliberateness, and increased damages" following final judgment).