IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Avco CORPORATION, <br><br>     Plaintiff & Counterclaim Defendant <br><br> v. <br><br> TURN AND BANK HOLDINGS, LLC & PRECISION AIRMOTIVE, LLC <br><br>     Defendants & Counterclaim Plaintiffs, <br><br> v. <br><br> AVSTAR FUEL SYSTEMS, INC., <br><br>     Counterclaim Defendant. | Case No:  4:12-CV-01313-MWB <br><br> (Judge Brann) |

### PRECISION'S [PROPOSED] JURY INSTRUCTIONS

Plaintiffs Turn and Bank Holdings, LLC and Precision Airmotive, LLC (collectively, "Precision") submit these proposed jury instructions.  Precision reserves the right to amend and/or provide additional instructions based on developments in the case including at trial.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: August 29, 2022 | By: /s/ Richard T. Matthews<br>Richard T. Matthews, *pro hac vice*<br>Robert C. Van Arnam, *pro hac vice*<br>Andrew R. Shores, *pro hac vice*<br>**WILLIAMS MULLEN**<br>P.O. Drawer 1000<br>Raleigh, NC 27602-1000<br>Telephone: (919) 981-4000<br>rmatthews@williamsmullen.com<br>rvanarnam@williamsmullen.com<br>ashores@williamsmullen.com<br><br>Justin G. Weber (PA 89266)<br>**TROUTMAN PEPPER LLP**<br>100 Market Street, Suite 200<br>P.O. Box 1181<br>Harrisburg, PA 17108-1181<br>Telephone: 717.255.1155<br>Justin.Weber@Troutman.com<br><br>*Attorneys for Defendants Turn and Bank Holdings, LLC and Precision Airmotive, LLC* |

**Plaintiff's Proposed Jury Instruction No. \_\_\_**

**Opening Instructions**

Members of the jury:

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you.

The Plaintiffs in this case, the parties who brought claims of trademark infringement, are Precision Airmotive, LLC and Turn and Bank Holdings, LLC (collectively they will be referred to as "Precision" or "Precision NC").   Precision is claiming that the Defendants infringement was willful.

The Defendants in this case are Avco Corporation through its Lycoming Engines division ("Lycoming" or "Avco") and AVStar Fuel Systems, Inc. ("AVStar"), both of whom were found by this Court to have committed trademark infringement and unfair competition related to their use of Precision's RSA trademarks.  Avco and AVStar are defending against Precision's claim that their infringement was willful.

4

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

**Authority:** *O'Malley, Federal Jury Practice and Instructions (6th ed. 2006) § 101.01.*

**Plaintiff's Proposed Jury Instruction No. \_\_\_**

**<u>Conduct of the Jury</u>**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services such as Twitter, or through any blog, website, internet chat room, or by way of any other social networking websites or services including Facebook, LinkedIn, and YouTube.

5

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

**Authority:** *Third Circuit Manual of Model Jury Instruction – Civil – Federal Jury Practice and Instructions §1.3.*

**Plaintiff's Proposed Jury Instruction No. ___**

**<u>Bench Conferences</u>**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:** *Third Circuit Manual of Model Jury Instruction – Civil – Federal Jury Practice and Instructions §1.4.*

**Plaintiff's Proposed Jury Instruction No. \_\_\_**

**<u>Evidence</u>**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated--that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers.

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever

weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that

is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Authority:** *Third Circuit Manual of Model Jury Instruction – Civil – Federal Jury Practice and Instructions §1.5 – 1.6.*

## Plaintiff's Proposed Jury Instruction No. ___
## Background of the Case and Parties

In this case, Precision claims that Avco and AVStar willfully infringed Precision's RSA trademarks used for decades on its general aviation fuel injection servos (e.g., RSA, RSA-5AD1, RSA-10AD1, and RSA-10ED1). This Court has already found for Precision and against Avco and AVStar on all three of Precision's claims for trademark infringement federal unfair competition and common law unfair competition, and found that Avco induced AVStar's infringement of the RSA Marks. The Court likewise dismissed all of Avco's claims. Therefore, there is only one issue for you to decide. That issue is whether Avco and/or AVStar willfully infringed Precision's RSA trademarks.

You are not here to address whether the RSA Marks are valid, whether there was infringement, or whether there was confusion resulting from such infringement, since these issues were already decided by the Court in its previous ruling.

**Authority**: *Avco's Original Complaint, Doc. 1*; *Precision's Answer to Second Amended Complaint and Counterclaims, Doc. 144; Memorandum Opinion, April 9, 2018, Doc. 356 at 10, 26, and 28; Third Circuit Manual of Model Jury Instruction – Civil – Federal Jury Practice and Instructions §1.2.*

**Plaintiff's Proposed Jury Instruction No. ___**

**<u>Background on Trademarks</u>**

The essential element of a trademark is the exclusive right of its owner to use a word or device to distinguish the owner's product from others. The definition of trademark contained in the statute 15 U.S.C. § 1127 includes any word, name, symbol, or device, or any combination thereof used to identify and distinguish the owner's goods from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown.

The main function of a trademark is to identify and distinguish goods or services as a product of a particular manufacturer or merchant and to protect its goodwill against the sale of another's product or service as its own.

A trademark is also a merchandising symbol that helps a prospective purchaser to select what such purchaser wants. A trademark signifies that all goods bearing that trademark come from a single source and that all goods bearing the trademark are of an equal level of quality. There is, therefore, a public interest in avoiding confusion in the use of trademarks.

When a manufacturer or merchant has established a trademark right by use of a brand or mark before anyone else, the right to use it becomes an exclusive right, and the trademark is property of the manufacturer or merchant. No other person can then use the same or similar trademark in any manner that makes

confusion likely in the consumer's mind regarding the source or origin of those goods.

**Authority:** *American Bar Association, Model Jury Instructions: Business Torts Litigation, §§4.1, 4.2.2 (5th ed. 2022).*

**Plaintiff's Proposed Jury Instruction No. \_\_\_**

<u>**Summary Judgment Findings**</u>

This Court, in a ruling dated April 9, 2018 found as a matter of law that (1) Precision's RSA trademarks for its general aviation fuel injection servos are valid and legally protectable; (2) Precision owns the RSA marks; (3) AVStar was directly competing with Precision in the servo market for the same customers and deliberately using identical RSA marks to do so; (4) AVStar's use of the RSA marks created a likelihood of confusion that established infringement, in addition to evidence of *actual* confusion; (5) AVStar's use of the marks could not be considered fair use; (5) Avco induced AVStar's infringement given that AVStar's use of the RSA marks was done at Avco's direction and request; (6) Avco and AVStar cannot in good faith argue that they had a "need" to use the RSA marks or that there were not alternative marks; (7) Precision therefore prevailed on its claim of trademark infringement against AVStar and Avco; and (8) all of Avco's claims challenging infringement and validity of the RSA Marks were dismissed.

Accordingly, these issues have already been decided and you must accept these findings as fact when deciding your verdict.

**Authority**: *Memorandum Opinion, April 9, 2018; Doc. 356 at 19, 24, and 26.*

## Plaintiff's Proposed Jury Instruction No. \_\_\_

## Burden of Proof and Preponderance of Evidence

Precision has the burden of proving its case by what is called the preponderance of the evidence. That means Precision has to prove to you, in light of all the evidence, that it is more likely than not that Avco and/or AVStar willfully infringed Precision's RSA Marks. To say it differently: if you were to put the evidence favorable to Precision and the evidence favorable to Avco/AVStar on opposite sides of the scales, Precision would have to make the scales tip somewhat on its side. If after considering all the evidence, you find that a claim or fact is more likely so than not so, then the claim or fact has been proven by a preponderance of the evidence. If Precision does so, the verdict must be for Precision. If Precision fails to meet this burden, the verdict must be for Avco/AVStar.

In determining whether any fact has been proven by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**Authority**: *Third Circuit Manual of Model Jury Instruction – Civil – Federal Jury Practice and Instructions* §1.10

## Plaintiff's Proposed Jury Instruction No. \_\_\_
## <u>Willful Infringement</u>

Knowing or willful infringement consists of more than the accidental encroachment of another's rights. It involves an intent to infringe or a deliberate disregard of a mark holder's rights. This includes demonstrating "an aura of indifference" to Precision's rights or a "deliberate and unnecessary duplicating of [Precision's RSA Marks] in a way that was calculated to appropriate or otherwise benefit from the good will [Precision] had nurtured." An act that is done willfully is done voluntarily and intentionally as opposed to by mistake or accident. Willfulness can be inferred by the fact that defendant continued the infringing behavior after being given notice.

To determine if Avco and/or AVStar's infringement was willful you should consider whether any of one the following facts have been established: whether Avco and/or AVStar knew of or was indifferent to Precision's rights in the RSA Marks; whether Avco and/or AVStar recognized Precision as the sole source of servos bearing the RSA Marks prior to the infringement; whether Avco and/or AVStar benefited from the infringement; whether Avco and/or AVStar used Precision's RSA Marks intentionally, knowing that it was an infringement, or with "reckless disregard or willful blindness" for Precision's rights in the RSA Marks; whether Avco and/or AVStar lacked a good faith basis for the infringement of

17

Precision's RSA Marks; whether Avco and/or AVStar used its economic muscle to weaken Precision or its rights in the RSA Marks; or whether AVStar competed directly with Precision during the infringement.

**Authority**: *SecuraComm Consulting Inc. v. Securacom Inc.*, 166 F.3d 182, 187 (3d Cir. 1999); *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 173 (3d Cir. 2005); citing *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 349-350 (5th Cir. 2002); *Fishman Transducers, Inc. v. Paul*, 684 F.3d 187, 192 (1st Cir. 2012); *Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 221 n.12 (3d Cir. 2021); *W. Diversified Servs., Inc. v. Hyundai Motor Am., Inc.*, 427 F.3d 1269, 1270 (10th Cir. 2005); *Lontex Coproration v. Nike, Inc.*, No. CV 18-5623, 2022 WL 622321 (E.D. Pa. 2022); *Louis Vuitton Malletier and Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002); *JUUL Labs, Inc. v. Zoey Trading LLC*, No. CV2119299JXNJRA, 2022 WL 970412, at *6 (D.N.J. Mar. 31, 2022); 5 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:62, at 30–102 (4th ed.1996).

**Plaintiff's Proposed Jury Instruction No. \_\_\_**

**General Instructions For Use of Deposition**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of one or more witnesses may be presented to you by video or by reading the transcript. If played by video, the deposition testimony may be edited or cut to exclude irrelevant testimony. You should not attribute any significance to the fact that deposition videos may appear to have been edited. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

**Authority**: *Third Circuit Manual of Model Jury Instruction – Civil – Federal Jury Practice and Instructions* §2.5

## Plaintiff's Proposed Jury Instruction No. ___

## Instructions Concerning Verdict Form

A verdict form has been prepared for your convenience. I will review this form with you now, and afterwards you will take it with you to the jury room.

[Form of special verdict read]

In order for you as a jury to answer a question, each juror must agree to the answer. In other words, your answers to each question must be unanimous. Your foreperson will write the unanimous answer of the jury in the space provided after each question and will date and sign the form of special verdict when completed.

Nothing said in the verdict form is meant to suggest what your verdict should be. You alone have the responsibility for deciding the verdict.

**Authority**: *Third Circuit Manual of Model Jury Instruction – Civil – Federal Jury Practice and Instructions* §4.9