## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVCO CORPORATION, | No. 4:12-CV-01313 |
| Plaintiff-Counterclaim Defendant, | (Chief Judge Brann) |
| v. | |
| TURN AND BANK HOLDINGS, LLC, AND PRECISION AIRMOTIVE, LLC, | |
| Defendants-Counterclaim Plaintiffs, | |
| v. | |
| AVSTAR FUEL SYSTEMS, INC. | |
| Counterclaim Defendant. | |

## MEMORANDUM OPINION

### SEPTEMBER 28, 2022

## I.     BACKGROUND

In 2015, Avco Corp. ("Avco") filed a second amended complaint in which it sought declaratory judgment holding that AVStar Fuel Systems, Inc. ("AVStar") and Avco had not infringed on Turn and Bank Holdings, Inc.'s ("TNB") trademarks, and seeking cancellation of several of TNB's trademarks related to airplane engine fuel injection systems known as "servos."[1] TNB in turn filed a counterclaim asserting

---
[1]   Doc. 138.

that AVStar and Avco were liable for trademark infringement and unfair competition under the Lanham Act and Pennsylvania common law related to AVStar's use of TNB's "RSA" Marks, which are used on servos produced by Precision Airmotive Corporation ("Precision").[2]

In April 2018, this Court granted TNB's motion for summary judgment and denied Avco's[3] motion for summary judgment.[4] The Court concluded that TNB had established as a matter of law that the RSA Marks are valid and legally protectable, and that Avco's use of the marks was likely to cause consumer confusion.[5]

Specifically, the Court determined that the primary significance of the RSA Marks is to refer to TNB servos and was not simply a generic descriptor, and the descriptive marks had acquired a secondary meaning associated with TNB's servos.[6] As part of that determination, this Court found that Avco's use of the RSA Marks was intentional and had "resulted in several instances of actual confusion."[7] The Court further concluded that Avco's use of the RSA Marks produced a likelihood of confusion, as Avco and TNB directly competed in the servo market for the same customers, Avco deliberately used identical model numbers, and there was evidence

---

[2]   Doc. 144. Although there are several iterations of Precision, for the sake of simplicity, unless legally or factually significant, the Court refers them as a single entity in this Memorandum.

[3]   Unless legally or factually significant, AVStar and Avco will be referred to in this Memorandum collectively as Avco, while TNB and Precision will be referred to collectively as TNB.

[4]   Docs. 356, 357.

[5]   Doc. 356.

[6]   *Id.* at 16-22.

[7]   *Id.* at 21.

of actual confusion.[8] Finally, the Court determined that Avco could not establish fair use.[9] To that end, Avco's use of the RSA Marks was not descriptive of its own products rather than TNB's, and was not used in a descriptive sense or in good faith.[10]

After the Court addressed the parties' motions to exclude expert testimony,[11] this matter was set for trial and the parties filed motions *in limine*.[12] The Court granted in part and denied in part the motions.[13] As relevant here, the Court granted TNB's motion *in limine* seeking to preclude evidence related to the validity of the RSA Marks or whether Avco was required or permitted to use the RSA Marks.[14] The Court noted that it had previously determined that no jury could believe Avco's arguments related to the meaning of "RSA," or that its use of the RSA Marks was fair use.[15] Based on that prior ruling, this Court determined that "it would be entirely unreasonable for Avco or AVStar to have believed that it was entitled to use the RSA Marks for its servos" and evidence related to such a belief "would establish, at most, that Avco buried its head in the sand when presented with evidence that it could not

---

[8]   *Id.* at 23-24.
[9]   *Id.* at 25-26.
[10]  *Id.*
[11]  Docs. 461, 462.
[12]  Docs. 491, 493.
[13]  Docs. 526, 527.
[14]  Doc. 526 at 9-12.
[15]  *Id.* at 10.

use the RSA Marks."[16] Because "'willful ignorance [is] akin to willful infringement,'" the Court excluded such evidence from trial.[17]

Avco has now filed a motion for reconsideration or, in the alternative, for clarification, of the Court's Order excluding the above-discussed evidence.[18] Avco argues that the Court clearly erred in excluding that evidence, since the relief granted is broader than that requested by TNB, and the breadth of the Order is contrary to precedent issued by the United States Court of Appeals for the Third Circuit.[19] Alternatively, Avco argues that this Court should clarify that the Order does not prohibit Avco from presenting "evidence of their understanding of who has used the RSA model designators, how they have used them and for how long, and the importance (or lack of importance) of the RSA model designators to consumers," along with "evidence that supports and corroborates their intent and belief of the importance of the RSA Marks, their understanding of how they were used in the general aviation industry, and how consumers understood the importance—or lack of importance—of the RSA Marks."[20]

TNB has filed its brief in opposition to the motion, Avco has filed a reply brief, and this matter is now ripe for disposition.[21] For the following reasons, Avco's

---

[16]  *Id.* at 10-11.
[17]  *Id.* at 11 (quoting *SecuraComm Consulting Inc. v. Securacom Inc.*, 166 F.3d 182, 189 (3d Cir. 1999)).
[18]  Doc. 530.
[19]  Doc. 530-1 at 7-13.
[20]  *Id.* at 14; *see id.* at 13-15.
[21]  Docs. 536, 539.

motion for reconsideration will be denied, while its alternative request for clarification will be granted in part.

## II.   DISCUSSION

### A.   Motion for Reconsideration

To properly support a motion for reconsideration, a party must demonstrate "at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[22]  As to the third ground, in reviewing for clear error, reconsideration is warranted only if the "[C]ourt is left with the definite and firm conviction that a mistake has been committed."[23]  "Thus, [to warrant reconsideration, Avco] must show more than mere disagreement with the earlier ruling; [it] must show that the . . . Court committed a direct, obvious, or observable error, and one that is of at least some importance to the larger proceedings."[24]

Avco first argues that this Court clearly erred in finding the evidence inadmissible because the relief granted exceeds the relief requested by TNB.[25] Contrary to Avco's argument, TNB's motion *in limine* encompassed a fairly broad

---

[22]   *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) (ellipsis and internal quotation marks omitted).

[23]   *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 258 (3d Cir. 2008) (internal quotation marks omitted).

[24]   *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (brackets, quotation marks, and citation omitted).

[25]   Doc. 530-1 at 7-9.

class of evidence. TNB directly requested that the Court exclude evidence that: Avco was "required or at least permitted to use the RSA Marks to 'describe' certain characteristics of the servos to consumers;"[26] the RSA designator "purportedly identifies the type of injector system (e.g. RS or RSA) and the function of the injection system;"[27] "the FAA, or some FAA regulation, law, or other requirement, mandated AVStar's adoption of the RSA Marks;"[28] and attempts to demonstrate "that the RSA Marks are generic or descriptive."[29] TNB further requested the exclusion of evidence that would support issues "argued by AVCO/AVStar at summary judgment and elsewhere" that were rejected by the Court.[30]

The evidence excluded by the Court does not clearly fall outside of those broad categories of evidence. For example, much of the evidence related to why Avco used the RSA Marks in the 2009-to-2011-time frame, and before, or the meaning of the model designations would necessarily delve into issues that Avco has previously raised—that it believed that the FAA mandated use of the RSA Marks or that it believed "RSA" was descriptive of the functioning of the servos.

Additionally, while Avco asserts that the Court's Order was broader than the relief requested by TNB, it was Avco that framed TNB's motion in such broad terms when it asserted that, if the motion *in limine* were granted:

---

[26]   Doc. 492 at 6.
[27]   *Id.* at 8 (ellipsis omitted).
[28]   *Id.* at 8-9.
[29]   *Id.* at 9.
[30]   *Id.*

[Avco] witnesses would be unable to speak as to why they adopted the RSA model designations in the 2009-2011 time frame, the historic use of the model numbers by Avco and others, whether Avco/AVStar thought the designations were trademarks when adopted, the meaning of the model designations and similar information.[31]

This clearly indicates that Avco likewise believed TNB's arguments to encompass the swath of evidence excluded by the Court. Consequently, the Court finds no clear error in the relief granted.

Avco next argues that the Order was clearly erroneous because the breadth of the Order is contrary to Third Circuit precedent.[32] Specifically, Avco asserts that *SecuraComm Consulting Inc. v. Securacom Inc.*[33] makes clear that the history and intent behind adopting a mark—including "what a defendant actually believed"—is critical to any finding of willfulness, and precluding the evidence listed in the Order would preclude the presentation of evidence related to that history and intent.[34]

The Court disagrees. Although *SecuraComm* makes clear that a defendant's subjective belief regarding the use of a trademark is important when determining willfulness,[35] the Third Circuit also made clear that that one's subjective belief may not be relevant when that belief is formed based on willful ignorance. As the court there stated, certain behavior or actions "may evidence willful ignorance akin to

---

[31] Doc. 500 at 10.
[32] Doc. 530-1 at 9-13.
[33] 166 F.3d 182, 188 (3d Cir. 1999).
[34] Doc. 530-1 at 9-11.
[35] *SecuraComm*, 166 F.3d at 187-88.

willful infringement."[36] As the Court held in granting TNB's motion *in limine*, based on the evidence available in this case, "it would be entirely unreasonable for Avco or AVStar to have believed that it was entitled to use the RSA Marks for its servos" and any evidence that Avco would present might "establish, at most, that Avco buried its head in the sand when presented with evidence that it could not use the RSA Marks."[37]

The proposed evidence therefore falls within the limited exception detailed by the Third Circuit in *SecuraComm*. Consequently, the Court cannot conclude that the restrictions placed on the evidence that Avco may present was clearly erroneous, and Avco's motion for reconsideration will be denied.

### B.    Motion to Clarify

Alternatively, Avco seeks clarification of the Order.[38] Specifically, Avco notes that this Court stated that Avco may present evidence that it did not intend to confuse or deceive when it adopted the RSA Marks and did not intend to benefit from the good will developed by Precision. Avco asserts that, in order to so demonstrate, it "must offer evidence of how the RSA Marks were used and understood in the general aviation industry"[39] including "evidence of their understanding of who has used the RSA model designators, how they have used

---

[36]   *Id.* at 188 (citing *ISCYRA v. Tommy Hilfiger, U.S.A., Inc.,* 80 F.3d 749 (2d Cir. 1996)).
[37]   Doc. 526 at 10-11.
[38]   Doc. 530-1 at 13-15.
[39]   *Id.* at 13.

them and for how long, and the importance (or lack of importance) of the RSA model designators to consumer."[40]

The Court will clarify its prior Order, because it appears that Avco reads the Order too broadly. Evidence related to "the importance (or lack of importance) of the RSA model designators to consumers"[41] is clearly admissible, as such evidence does not attempt to litigate Avco's belief that the RSA Marks were not protected or protectable but would, instead, go directly to the question of whether Avco was attempting to benefit from any good will developed by Precision in relation to the RSA Marks, and whether Avco was attempting to deceive or confuse consumers. This may also, to a limited extent, permit evidence of "how the RSA Marks were used and understood in the aviation industry,"[42] but only to the extent that such evidence goes to whether Avco was attempting to benefit from the good will developed by TNB by demonstrating, for example, that customers or mechanics paid little attention to the RSA Marks.

Similarly, evidence related to "the importance of the part number which is used by mechanics in the overhaul market"[43] may be admissible to the extent that it goes toward the question of whether there is good will attached to the RSA Marks

---

[40] *Id.* at 14.
[41] *Id.*
[42] Doc. 539 at 10.
[43] *Id.* at 14.

and, at least in the damages trial, whether mechanics base a decision to purchase a servo on the model number and Marks.

Avco may therefore offer evidence related to its lack of intent to deceive by, for example, presenting evidence that it clearly marked its servos as AVStar servos or made clear to purchasers that Avco/AVStar and TNB/Precision were distinct entities. Avco may also delve into reasons why it adopted the RSA Mark—so long as that evidence does not relate to its belief that the Marks were not trademarkable or protected. For example, Avco could proffer evidence that it did not believe any good will was attached to the RSA Marks or that it used the RSA Marks simply for the convenience of its customers, so that they would be able to easily order a servo from Avco to replace an old TNB servo. Such evidence is distinct, however, from the evidence that Avco may seek to proffer related to its alleged belief that the RSA Marks were not trademarked or were merely descriptive and could therefore be used by Avco. That evidence is inadmissible for the reasons previously explained.

The Court understands that this is, in many respect, a narrow needle to thread. It expects that matters may arise in trial that present close questions, and it will address those matters as they arise.

## III.   CONCLUSION

In accordance with the above discussion, Avco's motion for reconsideration is denied, while its motion for clarification is granted in part.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge