## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AVCO CORPORATION,** | |
|       **Plaintiff and Counterclaim Defendant** | |
|   **v.** | |
| **TURN AND BANK HOLDINGS, LLC and PRECISION AIRMOTIVE, LLC** | **Case No:  4:12-CV-01313-MWB** |
|       **Defendants and Counterclaim Plaintiffs,** | **(Judge Brann)** |
|   **v.** | |
| **AVSTAR FUEL SYSTEMS, INC.,** | |
|       **Counterclaim Defendant.** | |

## PRECISION'S SUPPLEMENTAL
## [PROPOSED] JURY INSTRUCTIONS

Plaintiffs Turn and Bank Holdings, LLC and Precision Airmotive, LLC (collectively, "Precision") submit these supplemental proposed jury instructions based on the developments at trial to date.  Precision reserves the right to amend and/or provide additional instructions based on developments in the case as the trial further develops.

Date:  October 19, 2022                    Respectfully submitted,

                                           *By: /s/ Richard T. Matthews*
                                           Richard T. Matthews, *pro hac vice*
                                           Robert C. Van Arnam, *pro hac vice*
                                           Andrew R. Shores, *pro hac vice*
                                           Carmelle F. Alipio, *pro hac vice*
                                           **WILLIAMS MULLEN**
                                           P.O. Drawer 1000
                                           Raleigh, NC 27602-1000
                                           Telephone: (919) 981-4000
                                           rmatthews@williamsmullen.com
                                           rvanarnam@williamsmullen.com
                                           ashores@williamsmullen.com
                                           calipio@williamsmullen.com

                                           Justin G. Weber (PA 89266)
                                           **TROUTMAN PEPPER LLP**
                                           100 Market Street, Suite 200
                                           P.O. Box 1181
                                           Harrisburg, PA 17108-1181
                                           Telephone: 717.255.1155
                                           Justin.Weber@Troutman.com

                                           *Attorneys for Defendants and
                                           Counterclaim Plaintiffs Turn and Bank
                                           Holdings, LLC and Precision Airmotive,
                                           LLC*

**Plaintiffs' Proposed Jury Instruction No. \_\_\_**

**Common Law Trademark Rights**

A party obtains rights in a trademark by being the first to adopt and make use of the trademark in the marketplace. A party that adopts and uses a trademark in the marketplace can assert ownership rights and seek to exclude another's use of an identical or confusingly similar mark. It is not necessary to have registered those trademark rights with the United States Trademark Office before enforcing rights in the trademark.

**Authority**: *AVCO Corp. v. Turn & Bank Holdings, LLC*, No. 4:12-CV-01313, 2018 WL 1706359, at *9 n.98 (M.D. Pa. Apr. 9, 2018) (quoting McCarthy on Trademarks & Unfair Competition § 19:1.75  (5th ed. 2018) ("Ownership [of a trademark] flows from use, not from registration . . . . Registration cannot wipe out the prior use-based common law rights of another.")); *Tally-Ho, Inc. v. Coast Cmty Coll. Dist.,* 889 F.2d 1018, 1022-23 (11th Cir. 1989) ("actual and continuous use is required to acquire and retain a protectible interest in a mark," while the "first to use a mark on a product . . . in a . . . market acquires rights in the mark in that market"); *Caesar's World, Inc. v. Caesar's Palace*, 490 F. Supp. 818, 822 (D.N.J. 1980) ("Common law rights are acquired in a . . . mark by adopting and using the mark"); *SMJ & J, Inc. v. NRG Heat & Power, LLC*, 912 F. Supp. 2d 189, 200–01

(M.D. Pa. 2012) ("The [Lanham] Act protects unregistered marks to the same extent as registered marks because trademark rights emanate from use and not merely registration.").

**Plaintiffs' Proposed Jury Instruction No. ___**

**Limiting Instruction Concerning Preliminary Injunctions**

During the trial you heard testimony regarding two preliminary injunction orders made based on a limited record before the Court had all the facts. Those were not the final decisions in this case. As already instructed, I have found that Lycoming and AVStar did infringe Plaintiffs Precision Airmotive, LLC's and Turn and Bank Holdings, LLC's trademark rights in the RSA Marks.

**Authority**: Doc. 526 at 27; Fed. Rule of Evid. 105; *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits."); *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004) (collecting decisions that have permitted the admission of hearsay at the preliminary injunction stage); *Asseo v. Pan Am. Grain Co.,* 805 F.2d 23, 26 (1st Cir.1986); *see also Ty, Inc. v. GMA Accessories, Inc.,* 132 F.3d 1167, 1171 (7th Cir.1997) (citing *Asseo*); *Levi Strauss & Co. v. Sunrise Int'l Trading,*

5

*Inc.,* 51 F.3d 982, 985 (11th Cir. 1995) ("At the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction. . .."); *Sierra Club, Lone Star Chapter v. FDIC,* 992 F.2d 545, 551 (5th Cir. 1993) (courts at preliminary injunction stage "may rely on otherwise inadmissible evidence, including hearsay"); *Heideman v. South Salt Lake City,* 348 F.3d 1182, 1188 (10th Cir.2003) ("The Federal Rules of Evidence do not apply to preliminary injunction hearings."); *Marlite, Inc. v. Eckenrod*, No. 09-22607, 2010 WL 11505461, at *5 (S.D. Fla. June 18, 2010) ("It is well understood that findings made at a preliminary injunction hearing are not binding at a trial on the merits, as the preliminary hearing does not take into account the full realm of the case that unfolds during discovery.") *Overhead Door Corp. v. Nordpal Corp.*, No. 4-75-CIV. 523, 1978 WL 1479, at *1 (D. Minn. Sept 1, 1978) ("Despite the fact that the grant of an Order for a preliminary injunction is in no sense a final determination of the case, there is a substantial danger that a jury might misconstrue the injunction as indicating a finding by this Court of fault on part of the defendant."); *Progress Dev. Corp. v. Mitchell*, 286 F.2d 222 (7th Cir. 1961); *Indus. Bank of Wa. v. Tobriner*, 405 F.2d 1321, 1324 (D.C. Cir. 1968).

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 19, 2022, I electronically filed the foregoing

document and counsel of record below will receive notice via ECF:

Kent B. Goss, Esquire
Valerie M. Goo, Esquire
Crowell & Moring, LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071-2201
Phone: 213.443.5504
kgoss@crowell.com
vgoo@croweII.com

Chena L. Glenn-Hart, Esquire
McQUAIDE BLASKO, INC.
811 University Drive
State College, PA 16801
(814) 235-2222
Fax: (814) 234-5620
clglenn-hart@mqblaw.com

*Attorneys for Plaintiff and
Counterclaim Defendants*

*/s/ Richard T. Matthews*
Richard T. Matthews, *pro hac vice*
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4000
Fax:  (919) 981-4300
rmatthews@williamsmullen.com

*Attorney for Defendants Turn and Bank
Holdings, Inc. and Precision Airmotive, LLC*