**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AVCO CORPORATION, | No. 4:12-CV-01313 |
| Plaintiff-Counterclaim Defendant, | (Chief Judge Brann) |
| v. | |
| TURN AND BANK HOLDINGS, LLC, AND PRECISION AIRMOTIVE, LLC, | |
| Defendants-Counterclaim Plaintiffs, | |
| v. | |
| AVSTAR FUEL SYSTEMS, INC. | |
| Counterclaim Defendant. | |

## JURY CHARGE

### OCTOBER 21, 2022

Members of the jury: You have seen and heard all the evidence to be presented and the arguments of the parties. I will now instruct you on the law that you must apply. These instructions, and those that I gave to you before and during the trial, must guide you in reaching a decision in this case.

## I.   DUTIES OF THE JURY

When you retire to the jury room to deliberate, you may take with you these instructions and your notes. The exhibits that the Court has admitted into evidence

are already preloaded into the electronic jury system in the jury room. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you

should feel free to reexamine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone like Galaxies or iPhones, or computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has two questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in and sign and date the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

## II.   EVIDENCE

### A. What Is and Is Not Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of both the testimony of the witnesses and the documents and other things received as exhibits.

The following are not evidence:

- Statements and arguments of the attorneys for the parties in this case;

- Questions by the attorneys;

- Objections by attorneys, including objections in which the attorneys stated facts; and

- Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

### B. Objections and Evidentiary Rulings

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the parties objected when they

thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the parties were asking me to decide whether the evidence should be allowed under the rules. You should not be influenced by the fact that an objection was made.

You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the parties may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers have said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from

anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

### C. Direct and Circumstantial Evidence

Let me speak now about direct and circumstantial evidence.

Two general types of evidence have been used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses—something the witness has seen, touched, heard, or smelled. For example, a witness may testify that he or she saw it raining outside.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you can infer some other fact through reason, experience, and common sense. For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella—that would be circumstantial or indirect evidence from which you could reasonably infer that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The Plaintiff may ask you to draw one inference, and the Defendant may ask you to draw

another. You, and you alone, must decide what reasonable inferences to draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that was presented in this trial, both direct and circumstantial. The law makes no distinction between the weight that you should give to either type. It is for you to decide how much weight to give any evidence.

### D. The Role of Counsel

As I have explained, the statements and arguments of the attorneys are not evidence unless made as an admission or stipulation.

The purpose of an argument to the jury is to suggest inferences and deductions which the particular attorney believes can be drawn from the evidence. While you may follow the inferences and deductions that are suggested to you by a particular attorney, if they seem reasonable and logical to you, you are not bound to do so.

During their argument, the attorneys are permitted to make reference to evidence that they believe supports their position; they are permitted to refer to evidence from which they believe an inference can be drawn that supports their position; and in the course of their reference to the evidence, they are permitted to characterize the evidence in a certain way. In all cases it is your recollection of the evidence that controls, not the attorney's recollection of what the evidence shows.

### E. Bench Conferences and Sidebars

You observed during the course of the trial that the court from time to time called the attorneys to the bench for a conference. You are admonished not to draw any unfavorable inference or inferences whatever from these conferences for or against any of the parties to the case. If the court felt that the jury should hear anything that was discussed out of its hearing at the bench, the court permitted that to be presented to you in open court.

### F. Credibility and Weight

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses, which simply means you decide whether a witness is worthy of belief. Was the witness truthful? Was his testimony accurate? You may believe everything a witness says, part of it, or none of it.

The depositions of Ron Weaver, David Peter Rose, Scott Grafenauer, Kevin Felts, and David Czarencki were presented to you by playing portions of their recorded depositions, or by reading portions of their depositions. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify at trial.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case. Decide whether to believe a witness just as you would in any important

matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. Remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors, including:

- The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

- The quality of the witness' knowledge, understanding, and memory;

- The witness' appearance, behavior, and manner while testifying;

- Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

- Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

- Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

- Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

- Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it

differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves. The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think his testimony deserves.

### G. Opinion Evidence (Lay Witnesses)

Witnesses are not generally permitted to state their personal opinions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness' perception and is helpful to a clear understanding of the witness' testimony or to the determination of a fact in issue.

### H. False in One, False in All

If you believe a witness knowingly testified falsely concerning any important matter, you may distrust the witnesses' testimony concerning other matters. You may reject all of the witness' testimony or you may accept the parts of the witness' testimony that you believe are true.

### I. Impeachment of Witness - Prior Inconsistent Statement for Credibility Only

You have heard the testimony of certain witnesses. You have also heard evidence that certain witnesses made statements before this trial that were made under oath and that may be different from their testimony at trial. When a statement is made under oath, you may use it not only to help you decide whether you believe the witness' testimony in this trial, but you may also use it as evidence of the truth of what the witnesses said in the earlier statements. But when a statement is not made under oath, you may use it only to help you decide whether you believe the witness' testimony in this trial and not as proof of the truth of what the witnesses said in the earlier statements.

### J. Summaries – Underlying Evidence Admitted

The Plaintiffs and the Defendants presented certain charts and summaries (some of which were not admitted into evidence) in order to help explain the facts disclosed by prior agreements, letters, and other actions that were admitted as

evidence in the case. The charts and summaries are not themselves evidence or proof of any facts. If the charts and summaries do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

### K.  Summaries – Underlying Evidence Not Admitted

Certain charts offered by the parties were admitted as evidence. You may use those charts as evidence, even though the underlying documents and records have not been admitted into evidence.

### L. Stipulations of Fact

It is stipulated that certain facts are true, and those stipulations have been read to you during this trial. You must therefore treat these facts as having been proved for the purposes of this case.

### M. Stricken Evidence

I have ordered at times during the trial that an answer or testimony that was given be struck from the record and I am instructing you that you must disregard such testimony. That means that when you are deciding the case, you must not consider that testimony in any way.

### N.  Limited Purpose

During the trial you heard testimony regarding two preliminary injunction orders that were previously made by the Court based on a limited record. Those were

not final decisions in this matter, and I have found that Avco Corporation and AVStar Fuel Systems, Inc., infringed on Turn and Bank Holdings, LLC and Precision Airmotive, LLC's trademarks. I remind you that the fact that I have found Defendants liable for trademark infringement has no bearing on whether that infringement was willful. An entity may infringe on a trademark without that infringement being willful

You may consider the evidence of the preliminary injunction orders for the sole purpose of considering whether the Defendants' continued use of the RSA Marks during the pendency of this litigation is evidence of willful infringement of the Plaintiffs' trademarks. The evidence may not be used for any other purpose.

### O. All Equal Before the Law

In deciding this case, you must follow and apply all of the law as I explain it to you, regardless of whether you agree with that law. Furthermore, you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its

employees that are made within the scope of their duties as employees of the company.

## III.    BURDEN OF PROOF

The burden is on the Plaintiffs, Turn and Bank Holdings, LLC and Precision Airmotive, LLC, in a civil action. Here, as in most civil cases, the Plaintiffs have the burden of proving their case by a legal standard called "preponderance of the evidence." Preponderance of the evidence means a fact is more likely true than not.

To put it differently: if you were to put the evidence favorable the Plaintiffs, Turn and Bank Holdings, LLC and Precision Airmotive, LLC, on one side of a scale, and the evidence favorable to the Defendants, Avco Corporation and AVStar Fuel Systems, Inc., on the opposite side of the scale, the Plaintiffs would have to make the scale tip somewhat on their side. If they fail to meet this burden, your verdict must be for the Defendants, Avco Corporation and AVStar Fuel Systems, Inc.

Again, as I mentioned in your preliminary instructions, while you may have heard of the phrase "proof beyond a reasonable doubt," that is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So, you should put it out of your mind and only apply the preponderance of the evidence standard that I have just described to you.

## IV.   THE CLAIMS

I will now instruct you on the law as it applies to this case. But before I do that, I will again provide you with some basic background information about trademarks to aid you in your deliberations.

The essential element of a trademark is the exclusive right of its owner to use a word or device to distinguish the owner's product from others. Trademarks are used to identify and distinguish the owner's goods from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown. The purpose of trademark law is to inform consumers about the source of products and to permit trademark owners to show ownership of their products and control their product's reputation and protect its goodwill from another company selling its product or service under that trademark and accompanying goodwill. A "house mark" is the name of the company manufacturing or producing a particular product. When placed on a product, house marks allow consumers to identify the source of that particular product when encountered by consumers in the marketplace.

When a manufacturer or merchant has established a trademark right by use of a brand or mark before anyone else, the right to use it becomes an exclusive right, and the trademark is property of the manufacturer or merchant. No other entity may then use the same or similar trademark in any manner that makes confusion likely in the consumer's mind regarding the source or origin of those goods.

Trademarks may be registered with the United States Patent and Trademark Office. However, such registration is not necessary for a trademark to be protected. A party obtains rights in a trademark by being the first to adopt and make use of the trademark in the marketplace. A party that adopts and uses a trademark in the marketplace may assert ownership rights and seek to exclude another's use of an identical or confusingly similar mark even if the trademark has not been registered with the United States Trademark Office.

Having said that, as to this specific case, the Plaintiffs have brought three separate claims. However, as I previously stated, I have found Defendants liable on all three claims. I have found that the Defendants infringed on the Plaintiffs' RSA Marks, that their use of the RSA Marks was not fair use, and that AVStar used the RSA Marks on their servos at Avco's direction. The only matter remaining for you is a determination of whether the Defendants' infringement was willful. I shall now instruct you as to the elements of willful infringement, but first I remind you once again that the fact that I have found Defendants liable for trademark infringement has no bearing on whether that infringement was willful. An entity may infringe on a trademark without that infringement being willful.

An individual or organization willfully violates a trademark when it knowingly and purposefully capitalizes on and appropriates the goodwill of another. That is to say, willful infringement consists of more than the accidental or careless

encroachment of another's rights. It involves an intent to infringe or a deliberate disregard of a mark holder's rights, in a way that was calculated to appropriate or otherwise benefit from the good will that the mark holder had nurtured.

Willful infringement may occur where an organization exhibits an aura of indifference to a mark holder's rights or where an organization undertakes a deliberate and unnecessary duplicating of a trademark in a way that was calculated to appropriate or otherwise benefit from the good will that the mark holder had nurtured. An act that is done willfully is done voluntarily and intentionally as opposed to by mistake or accident—for example, an act may be mistaken or accidental if the infringer did not know that something was trademarked.

The fact that an organization continued to use a trademark after being given notice that another organization believes the trademark is protected is evidence that may indicate willfulness, although such behavior does not necessarily indicate willfulness, particularly where the infringement occurred for some time without complaint from the trademark holder. Something more than mere continued use after notification is needed to indicate willful infringement. Conversely, infringement may not be willful if an organization might have reasonably thought that its proposed usage was not prohibited.

To determine if an infringer's conduct was willful, it may be helpful to consider the following factors: (1) whether the infringer knew or did not know of the

other company whose trademark it infringed; (2) whether the infringer and the trademark holder compete in the same market or serve the same clientele; (3) whether the business of the trademark holder was localized or national, with willfulness being less likely if the trademark holder was localized; (4) whether the infringer, even if it did not know that the trademarks were protected, was nevertheless willfully ignorant of that protection; (5) whether the infringer knew that the trademark holder was the sole source of the particular product in the market; (6) whether the infringer benefitted in important ways from the infringement; and (7) whether the infringer lacked a good faith basis for the infringement.

Those factors are only useful guides for you and are not dispositive of the outcome of this case. At bottom, your determination should be based upon whether you believe that the Defendants used the RSA Marks with an intent to infringe on the Plaintiffs' rights or with a deliberate disregard of the Plaintiffs' rights, in a way that was calculated to appropriate or otherwise benefit from the good will that the mark holder had nurtured.

## V.   DELIBERATIONS

Now let me explain some things about your deliberations in the jury room and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I remind you again that your verdict must be unanimous. To find in favor of the Plaintiffs, every one of you must agree that the Plaintiffs have proven by a preponderance of the evidence that the Defendants acted willfully.

Third: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fourth: Now that all the evidence is in and the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you

listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently or just to get the case over with.

In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself whether the Plaintiff has proved his claims by a preponderance of the evidence. No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Fifth: You have been permitted to take notes to assist you in answering the special verdict questions. Your notes are not evidence; they are merely to aid you in your recollection. Your answers to the special verdict questions must be based on the evidence, not your notes. You should not give your notes precedence over the independent recollection of the evidence. If you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror about what the testimony may have been.

Sixth: Once you start deliberating, do not talk about the case to court officials, to me, or to anyone else except each other. A few days ago, I instructed you that you are not to communicate about this case either in person or by social media or other electronic media device. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Samsung Galaxy or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, Twitter, LinkedIn, SnapChat, YouTube or Instagram to communicate any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign the paper, and then give it to a court official who will give it to me. I will first talk to the attorneys about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject. One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted in favor of or against either party.

The Clerk and all other persons are forbidden from communicating in any way or any manner with any member of the jury on any subject touching the merits of the case.

## VI.   VERDICT FORM

As I alluded to earlier, a verdict form has been prepared for your convenience.

For the purpose of your findings, we will be using verdict questions. As a result, my instructions to you on the law have been tailored to reflect the use of these questions. Answer questions in the same sequence as they are given to you, starting with Question 1.

In answering the questions, it is your duty as jurors to consult with each other and to deliberate in an effort to reach an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, public opinion, or prejudice or favor for either party, and adopt the conclusion that in your good conscience is in accordance with the truth.

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, you will date and sign it, and then return to the courtroom.

## VII.    CLOSING

Keep in mind that the dispute between the parties is, for them, a most serious matter. They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.

Consider all the circumstances, the probabilities or improbabilities of the testimony, and what the attorneys and the Court have said. You should try to reach what is a just, true, and correct resolution of the controversy submitted to you. In reaching your conclusion, you should be guided solely by the evidence that has been presented to you, the inferences drawn from the evidence, and the instructions of the court on the law. You should not be influenced by fear, favor, prejudice, or sympathy. All the parties stand equally before the court, and each is entitled to the same fair and impartial treatment at your hands.

Counsel, has there been a failure to charge on any substantial matter of law?

## VIII.    BAILIFF'S OATH

I will now ask the bailiff to take the jurors to the jury room so that you may start your deliberations.

Oath to Courtroom Deputy and CSO: Do you swear that you will keep this jury in some private and convenient place and that you will suffer no one to speak to them, nor will you speak to them yourself, without leave of court, unless it be to ask them if they have agreed upon a verdict, so help you God?